**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DESIDERIA SAN LORENZO CULANAG, | No. 18-70043 |
| Petitioner, | Agency No. A099-800-446 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2019[**]
Portland, Oregon

Before: TASHIMA, GRABER, and OWENS, Circuit Judges.

Desideria San Lorenzo Culanag, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' ("BIA") final removal

order, dismissing her appeal from the immigration judge's ("IJ") decision denying

her asylum and withholding from removal. We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252, and we grant the petition.

1.    The BIA erred in concluding that Culanag did not qualify for the "changed circumstances" exception to the one-year filing deadline for asylum applications.  An asylum applicant must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the [applicant]'s arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  There is a statutory exception to the one-year bar, however, if the applicant "demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum."  *Id.* § 1158(a)(2)(D).  The applicant must also demonstrate that she "file[d] an asylum application within a reasonable period given those 'changed circumstances.'"  8 C.F.R. § 208.4(a)(4)(ii).

The BIA incorrectly determined that the operative changed circumstances could be only when the recent string of violence against Culanag's family "began" in 2007, and thus it was unreasonable for Culanag to wait until 2014 to file her asylum application.  We have interpreted the changed circumstances exception broadly, and new events offering further evidence of an applicant's eligibility for asylum may suffice.  *See Singh v. Holder*, 656 F.3d 1047, 1053 (9th Cir. 2011) ("[A] petitioner might still qualify for the changed circumstances exception even if the relevant circumstances do not create a new basis of persecution but simply provide further evidence of the type of persecution already suffered."); *Vahora v.*

2

*Holder*, 641 F.3d 1038, 1044-45 (9th Cir. 2011) (explaining that this exception "w[as] intended to be broad" and does not "preclude an individual who has always feared persecution from seeking asylum because the risk of that persecution increases"). The BIA failed even to mention attacks on Culanag's family that occurred in 2013 in retaliation for her brother-in-law's work as the head of the local drug and narcotics police unit. Specifically, Culanag credibly testified about at least three incidents in 2013—the murder of her second cousin, a death threat to her nephew, and multiple death threats to her brother-in-law and sister.

2. The BIA also failed to discuss the 2013 attacks in concluding that Culanag was ineligible for withholding of removal because she could reasonably relocate within the Philippines to avoid future harm. *See* 8 C.F.R. § 208.16(b)(2); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir. 2013) (stating the standard of review). By overlooking these recent events, the BIA did not sufficiently address whether it would be reasonable to expect her to relocate to Manila. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1215 (9th Cir. 2004) (explaining that the agency must "take into account the numerous factors for determining reasonableness outlined in 8 C.F.R. § 1208.13(b)(3)," including "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife; administrative, economic, or judicial infrastructure").

Accordingly, we grant the petition for review. We remand to the BIA to

address whether those 2013 events constitute "changed circumstances" for purposes of the exception to the one-year bar for asylum applications. If so, the BIA may make an "individualized determination[]" of whether Culanag filed her asylum application within a reasonable period of time after these incidents, in light of "all the factual circumstances of the case." *Al Ramahi v. Holder*, 725 F.3d 1133, 1135 (9th Cir. 2013) (citation omitted). The BIA must also determine the impact, if any, of those 2013 events on the reasonableness of internal relocation as it relates to Culanag's application for withholding from removal.

**PETITION FOR REVIEW GRANTED; REMANDED.**